UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


JERMAINE SEYMORE,

                    Petitioner,

-vs-                                                    Case No.  6:09-cv-1105-Orl-28DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12).  Petitioner filed a reply to the response (Doc. No. 25).

Petitioner alleges four claims for relief in his habeas petition: 1) the photo line-up used by the police was unduly suggestive; 2) the trial court erred in allowing the footprint expert to testify outside her area of expertise; 3) there is newly discovered evidence that the State's fingerprint experts generated two different lab reports that were contradictory; and 4) there is newly discovered evidence that the trial court lacked subject-matter jurisdiction

because the State Attorney filed an information that was not based on the sworn testimony of a material witness.

## I.    *Procedural History*

Petitioner was charged by amended information with one count of burglary of an occupied structure with a battery while carrying a weapon and one count of robbery with a deadly weapon. A jury trial was held, and Petitioner was found guilty as charged. The trial court adjudicated Petitioner guilty of the crimes and sentenced him, as prison releasee reoffender, to life imprisonment as to each count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on April 10, 2007.

On June 9, 2007, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] raising three claims. The trial court denied those claims in an order filed on August 9, 2007. In those same proceedings, Petitioner also filed a pleading entitled Supplemental Claim and a Petition for Successive 3.850 Post Conviction Relief on August 5, 2007, and the trial court entered an order denying the supplemental claim and the petition for successive relief on December 5, 2007. Petitioner appealed the orders denying relief, and the state appellate court

---

[1]The Court is using the filing date under the "mailbox rule," which was when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

affirmed the denials *per curiam* on April 1, 2008.

On December 14, 2007, Petitioner then filed another motion for postconviction relief and a supplemental claim with the state trial court, which were denied in an order filed on January 7, 2008.  The state appellate court affirmed *per curiam* on June 10, 2008.

Next, Petitioner filed another motion for postconviction relief on July 22, 2008, and a petition for writ of habeas corpus relief/motion for postconviction relief on July 28, 2008, with the state trial court.  He also filed a supplemental claim on August 11, 2008.  The trial court entered two orders on August 18, 2008, and one order on August 21, 2008, denying all of the claims.

On October 6, 2008, Petitioner filed another motion for postconviction relief, and he later filed two supplemental claims with the state trial court, which were denied by an order filed on November 4, 2008.  On December 1, 2008, the trial court entered an order directing the clerk of the court to refuse any further *pro se* filings by Petitioner.  Petitioner appealed, and the state appellate court affirmed *per curiam* on April 28, 2009.

## II.    *Legal Standards*

## A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable

3

> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions;

the 'contrary to' and 'unreasonable application' clauses articulate independent

considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432

F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh

Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by [the United States
> Supreme Court] on a question of law or if the state court decides a case
> differently than [the United States Supreme Court] has on a set of materially
> indistinguishable facts.   Under the 'unreasonable application' clause, a
> federal habeas court may grant the writ if the state court identifies the correct
> governing legal principle from [the United States Supreme Court's] decisions
> but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable."[2]  *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the

---

[2]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

III. *Analysis*

A. *Claim One*

Petitioner argues that the photo line-up used by the police was unduly suggestive. This claim was raised on direct appeal, and, as noted above, the state appellate affirmed *per curiam*.

The record reflects that the victim was shown an entire photo line-up containing six pictures. *See* Appendix A at 202; Appendix C, Transcript of Motion to Suppress at 12. All of the individuals in the photos were wearing glasses, and the victim identified the individual (Petitioner) in photo number 5 as being the perpetrator. *See* Appendix A at 202; Appendix C, Transcript of Motion to Suppress at 12. The victim asked if she could see a picture of the individual in photo number 5 without glasses, and she was shown a single photo of Petitioner without glasses. *See* Appendix C, Transcript of Motion to Suppress at 13-14. The victim then identified Petitioner "positively, without a doubt." *Id.* at 13-14.

Under Florida law, there is a two-part test to apply for suppression of an out-of-court identification: (1) whether the police use an unnecessarily suggestive procedure to obtain the out-of-court identification; (2) and if so, considering all the

circumstances, whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. *Thomas v. State*, 748 So. 2d 970, 981 (Fla. 1999). The use of photo spreads containing six individual pictures has been upheld under Florida law. *Id.*

In the present case, the investigator testified that he did not suggest to the victim which photo to pick and that he did not tell her that the suspect was in the line-up. Under the circumstances, Petitioner has not shown that the photo line-up was unduly suggestive, and the trial court did not err in denying Petitioners' motion to suppress the victim's identification of him. Further, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

## B.   *Claim Two*

Petitioner argues that the trial court erred in allowing the footprint expert to testify outside her area of expertise. This claim was raised on direct appeal and was denied.

Christine Craig was a crime scene analyst with the Seminole County Sheriff's Office, and she testified as an expert in footwear. Petitioner's counsel objected to her testimony as an expert in the field of footwear on the basis that she had not followed the proper procedures in making her ultimate conclusions. (Appendix A, Transcript of Trial at 219-21.) The trial court overruled counsel's objections to her testimony. Ms. Craig compared the "known shoes" that belonged to Petitioner to the impressions found at the scene, *id.* at

6

225-26, 255-57, and she determined that the known shoes made the impressions found at the scene. *Id.* at 272-79.

Under Florida law, "[w]hether a witness is qualified as an expert is a determination within the sound discretion of the trial court, whose decision will not be reversed on appeal without a clear showing of error or clear abuse of discretion." *McBean v. State*, 688 So. 2d 383, 385 (Fla. 4th DCA 1997). Petitioner has failed to demonstrate that the trial court erred in allowing Ms. Craig's testimony in this case.

Further, this claim involves an evidentiary ruling made by the state trial court, and "[f]ederal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992); *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (generally, a federal court will not review a state trial judge's rulings with respect to the admissibility of evidence; an erroneous ruling alone does not warrant habeas corpus relief). In the present case, Petitioner has not demonstrated that the state court's ruling with regard to this matter was erroneous or that the ruling deprived him of a fundamentally fair trial. Moreover, Petitioner has failed to establish that the alleged error by the trial court with regard to this matter had a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993). Thus, this claim must fail.

C.  *Claims Three and Four*

Petitioner argues in claim three that there is newly discovered evidence that the State's fingerprint experts generated two different lab reports that were contradictory, and,

7

in claim four that there is newly discovered evidence that the trial court lacked subject-matter jurisdiction because the State Attorney filed an information that was not based on the sworn testimony of a material witness. Claim three was raised in Petitioner's December 14, 2007, Rule 3.850 motion, and the trial court found that it was successive and that it did not constitute newly discovered evidence. Claim four was raised in several of Petitioner's postconviction motions, including the following: a) the July 28, 2008, Rule 3.850 motion; b) the August 11, 2008, supplemental claim; c) the October, 21, 2008, Rule 3.850 motion; and d) the October 14, 2008, supplemental claim. The trial court found that the claim was successive and that Petitioner had not used due diligence in discovering this matter.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[3] or (2) are not exhausted but would clearly be barred if returned to state court.[4] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims

---

[3]*Harris v. Reed*, 489 U.S. 255, 261 (1989).

[4]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment `clearly and expressly' state that its judgment rests on a procedural bar.").

to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[5]

Claims three and four are procedurally barred because the trial court so determined in its orders denying Petitioner's motions for postconviction relief, and the state appellate court affirmed *per curiam*.[6] The denial on procedural bar grounds was a correct application of Florida law.

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception; the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991). In the present case, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has not shown the applicability of the actual innocence exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims three and four are procedurally barred.[7]

---

[5]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[6]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

[7]The Court also finds claims three and four must be denied on the merits. Petitioner has not demonstrated that the facts on which these claims were predicated could not have been ascertained by the exercise of due diligence. *See Moore v. State*, 903 So. 2d 238 (Fla. 2d DCA 2005). Further, Petitioner has not shown that state court's denial of these claims was

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Jermaine Seymore is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.    This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

---

"contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).  Consequently, Petitioner is not entitled to federal habeas relief on these claims.

constitutional right.[8]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 3 day of December, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sa 12/2
Counsel of Record
Jermaine Seymore

---

[8]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.